UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JANET NEAL, : | |
| : | |
| Plaintiff, : | Case No. 3:19-cv-00193 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| UNITED OF OMAHA LIFE INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant. : | |

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (DOC. 12) BASED ON PLAINTIFF'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES, DISMISSING PLAINTIFF'S ACTION, DENYING AS MOOT PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (WITHIN DOC. 13), AND TERMINATING THIS CASE**

---

Pending before the Court is Defendant's Motion for Judgment on the Administrative Record (Doc. 12) (the "Motion"), filed by Defendant United of Omaha Life Insurance Company ("United"). Plaintiff Janet Neal ("Plaintiff") filed a combined response to the Motion and cross-motion for judgment on the administrative record (Doc. 13) (the "Response"). United filed an opposition to the portion of the Response that is the cross-motion for judgment on the administrative record (Doc. 16) (the "Opposition to Cross-Motion"). The Motion and cross-motion within the Response are ripe for review. (*See* 5/8/2020 Notation Order.)

At issue in this case is Plaintiff's claim for accidental death and dismemberment ("AD&D") benefits under a policy of insurance issued to the employer of Robert Lee Neal (the "Policy"). Robert Lee Neal (the "Decedent") was a participant in his employer's employee

1

welfare benefit plan, a component of which was the Policy. He died as a result of a drug overdose on July 12, 2018, and Plaintiff is the named beneficiary for Decedent under the Policy. In the Motion, United asks the Court to dismiss the action because Plaintiff failed to exhaust her administrative remedies and moves for judgment on the administrative record to uphold its denial of Plaintiff's claim for AD&D benefits. For the reasons discussed below, the Court finds that Plaintiff failed to exhaust her administrative remedies, **GRANTS** the Motion on that ground, and, therefore, **DISMISSES** Plaintiff's action and **TERMINATES** this case.

## I. FACTUAL BACKGROUND

This is a case that arises under, and is governed by, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 - 1461.[1] (*See* Doc. 1.) The Policy provided basic life insurance and AD&D benefits to beneficiaries of eligible employees. (*See generally* Doc. 10-1.) In the event that a claim for benefits is denied, the Policy set forth the applicable procedures and rights of a participant/beneficiary in a section titled "CLAIM REVIEW AND APPEAL PROCEDURES FOR LIFE AND ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS," which states, in part:

…

**OPPORTUNITY TO REQUEST AN APPEAL**

The Claimant shall have a reasonable opportunity to appeal a claim review decision. As part of the appeal, there will be a full and fair review of the claim review decision.

The Claimant will have no later than 60 days from the Claimant's receipt of notification of Our claim review decision to submit a request for an appeal. The request for an appeal should include:
 a) the Insured Person's name;
 b) the name of the person filing the appeal if different from the Claimant;

---

[1] It is undisputed that the policy at issue is an employer-sponsored employee welfare benefit plan.

>> c) the Policy number; and
>> d) the nature of the appeal.
>
> … The notification regarding Our claim review decision will include instructions on how and where to submit an appeal. ….

(Doc. 10-1 at PAGEID # 140 (emphasis in original).)

Plaintiff made a claim for life insurance benefits under the Policy after Decedent's death. (*See* Doc. 11-5 at PAGEID # 629.)  In a letter dated September 13, 2018, United informed Plaintiff that her request for basic life insurance benefits had been approved (and it is undisputed that United paid those benefits to Plaintiff).  (*Id.* at PAGEID # 629-30.)  Additionally, the same September 13, 2018 letter informed Plaintiff that the Policy also provided for AD&D benefits and invited Plaintiff to submit records necessary to consider those benefits:

> In addition to life insurance benefits, the policy also provides accidental death insurance benefits.  These benefits are subject to all policy provisions and exclusions.  In order to give consideration to the accidental death benefits under this policy the following information is needed: [various records].
>
> As soon as this information is received, we will review this claim for accidental death benefits.
>
> …
>
> Pursuant to the Policy's Claim Review and Appeal Procedures, we are requesting that you provide the required information within 90 days. ….

(*Id.*)

On November 19, 2018, United informed Plaintiff by letter that United had denied her claim to AD&D benefits.  (Doc. 11-2 at PAGEID # 509-10.)  That letter stated, in part:

> … We have reviewed your claim for the accidental death insurance benefits under [the applicable] policy number … and find that benefits are not payable.
>
> This policy does provide accidental death insurance coverage for eligible employees subject to all policy provisions, exceptions and limitations.

3

> This policy contains the following provisions:
> **ACCIDENTAL DEATH AND DISMEMBERMENT RIDER**
> **DEFINITIONS**
> *Accident* means an external, sudden, unexpected, unforeseeable and unintended event, independent of Sickness and all other causes.
>
> **EXCLUSIONS**
>
> We will not pay for any loss which: …
> g) does not result from an Accident;…
> k) is caused by the Insured Person, and is a result of Injuries received while under the influence of any controlled drug, unless administered on the advice of a Physician; [….]
>
> The death certificate for Robert Lee Neal indicates that the Cause of death is Multiple Drug Intoxication (Fentanyl, Acetyfentanyl and Cocaine). The Toxicology Testing results include Positive Results for Cocaine Metabolites and Fentanyl. The results include the quantitative results for these substances. These substances are not drugs that are administered on the advice of a physician. The information received indicates that your brother's death was the result of being under the influence of controlled drugs, not administered on the advice of a Physician. Therefore, according to the policy exclusions, accidental death benefits cannot be allowed. ….

(*Id.* at PAGEID # 509 (emphases in original).) The November 19, 2018 letter also included information regarding appealing United's denial, the time by which to request an appeal, and the right to bring a civil lawsuit following the exhaustion of administrative remedies:

> In the event you wish to appeal this denial, you have the right to request a review by the Life Claims Department. This request for an appeal must be submitted within 60 days from receipt of this notice. The request should include the following information:
>
>   (a) The Insured Person's name;
>   (b) The name of the person filing the appeal if different from the Insured Person;
>   (c) The Policy number; and
>   (d) The nature of the appeal.
>
> In addition to the above information, please submit any written comments, documents, records, and other information you may have related to the claim. Upon receipt, we will review and take into account all information submitted related to the claim without regard to whether such information was submitted or

4

> considered in the initial claim decision.
>
> We will notify you of our appeal decision within 60 days after receipt of a timely appeal request, unless we determine that special circumstances require an extension of time for processing the appeal. We will provide you with written or electronic notice of our appeal decision.
>
> If we determine that an extension is required, we will notify you in writing of the extension prior to the termination of the initial 60 day period. In no event will the extension exceed 60 days from the end of the initial period. …
>
> …
>
> If your plan is governed by the Employee Retirement Income Security Act (ERISA), you have the right to bring a civil action suit once all administrative rights to review have been exhausted. …
>
> United of Omaha Life Insurance Company fully reserves all rights which arise under the policy, and nothing set forth herein shall be deemed a waiver, nor an estoppel of the company's rights. ….

(*Id.* at PAGEID # 510.)

By letter dated April 5, 2019 (i.e., over 135 days from the date of the November 19, 2018 letter), Plaintiff's lawyer advised United of his representation of Plaintiff and Decedent's estate and of his intention to initiate a lawsuit against United for breach of contract and bad faith. (Doc. 11-1 at PAGEID # 434-35.) On June 5, 2019, Plaintiff filed a "Complaint for Accidental Death Benefits and Bad Faith Insurance Claim Handling" against United and Decedent's employer.[2] (*See* Doc. 2.) On June 24, 2019, United removed the case to this Court from the Common Pleas Court of Montgomery County, Ohio. (Doc. 1.)

## II. ANALYSIS

Among other arguments in the Motion, United argues that Plaintiff failed to exhaust her administrative remedies provided by the Policy and, therefore, Plaintiff's claim for AD&D benefits

---

[2] Plaintiff has since voluntarily dismissed the employer. (Doc. 6.)

should be dismissed. In response to this argument, Plaintiff makes three arguments: (1) administrative review was exhausted; (2) administrative review was futile; and (3) United's review reflects a biased, bad faith analysis.

Despite ERISA itself being silent on the issue, the Sixth Circuit has long held that an ERISA plaintiff must exhaust administrative remedies prior to commencing a civil action. *See, e.g., Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *see also Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 102, 134 S. Ct. 604, 187 L. Ed. 2d 529 (2013) ("[c]ourts have generally required participants to exhaust the plan's administrative remedies before filing suit to recover benefits"). "The exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Coomer*, 370 F.3d at 504.

In general, the parties are bound by the appeal process set forth in the Policy. *See Heimeshoff*, 571 U.S. at 108 ("recogniz[ing] the particular importance of enforcing plan terms as written"). Additionally, except for group health plans and plans providing disability benefits, federal regulations provide that 60 days is an appropriate time limit for appeals from adverse benefit determinations. *See* 29 C.F.R. 2560.503-1(h)(1), (h)(2)(i) (requiring, among other things, that every employee benefit plan "establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan" and that such claims procedures must, among other things, "[p]rovide claimants at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination"); 29 U.S.C. § 1133(2) ("In accordance with regulations

of the Secretary, every employee benefit plan shall … afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim").

The Sixth Circuit has recognized an exception to the requirement that a participant exhaust administrative remedies. "Failure to exhaust administrative remedies is excused 'where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate.'" *Coomer*, 370 F.3d at 505 (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998)). The burden is on the plaintiff to show that the exception applies. "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* (internal quotation marks omitted). "A plaintiff must show that it is certain that his [or her] claim will be denied on appeal, not merely that he [or she] doubts that an appeal will result in a different decision." *Id.* (internal quotation marks omitted). The fact that a plan administrator and those who review appeals share common interests or affiliations is not sufficient to show futility. *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000).

Regarding Plaintiff's first argument, the Court disagrees that administrative review was exhausted. Pursuant to the Policy's terms and the November 19, 2018 letter, Plaintiff had 60 days from receipt of the November 19, 2018 letter to request an appeal of United's denial of AD&D benefits. Plaintiff did not do so. Plaintiff argues that her appeal was the April 5, 2019 letter sent to United by her counsel. (*See* Doc. 13 at PAGEID # 700.) However, the date Plaintiff's counsel sent that letter—which is more than 135 days after November 19, 2018—is far past the deadline for Plaintiff to request an appeal of the AD&D benefits denial. *Wilson v. Bellsouth Telecomm.,*

7

*Inc.*, 97 F. App'x 36, 37 (6th Cir. 2004) (affirming summary judgment for plan administrator where plan administrator sent a letter on May 8, 2001 to plaintiff informing her of the benefits denial and the 60-day deadline to file an appeal, but plaintiff waited until July 31, 2001 to fax an appeal to the plan administrator).  Plaintiff does not argue otherwise or allege that she did not receive the November 19, 2018 letter more than 60 days prior to when her counsel sent the April 5, 2019 letter. Furthermore, Plaintiff's counsel's April 5, 2019 letter does not request an appeal; instead, it indicates his representation of Plaintiff, sets forth his positions on the matter, and threatens litigation.  (Doc. 11-1 at PAGEID # 434-35.)  Therefore, in short, Plaintiff blew the deadline for requesting an appeal.  She did not exhaust her administrative remedies.  *Laird v. Norton Healthcare, Inc.*, 442 F. App'x 194 (6th Cir. 2011) (affirming judgment of district court that had found plaintiff, by failing to file her appeal of the denial-of-benefits-decision by the established deadline, failed to exhaust her administrative remedies prior to bringing the lawsuit and, therefore, could not maintain her claim against defendants); *Traughber v. Sun Life Fin. (U.S.) Servs. Co., Inc.*, No. 1:18-CV-00036, 2018 U.S. Dist. LEXIS 196831, 2018 WL 6050875 (W.D. Ky. Nov. 19, 2018) (plaintiff failed to exhaust his administrative remedies because he did not request timely review of defendant's denial of his claim for AD&D benefits under life insurance plan).

Regarding Plaintiff's second argument, the Court finds that "there is no clear and positive indication in this case that pursuing administrative remedies would have been a futile act" or that the administrative procedure established in the Policy would only be able to provide Plaintiff with an inadequate remedy.  *Coomer*, 370 F.3d at 505. Plaintiff asserts that "[o]bviously there was nothing in the insurance carrier's further administrative review that could have" avoided another denial.  (Doc. 13 at PAGEID # 702.)  However, the Court finds that the evidence on which

8

Plaintiff relies for her assertion does not support it and does not show that Plaintiff has met her significant burden for excusing the usual exhaustion requirement. *Coomer*, 370 F.3d at 505; *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1485 (9th Cir. 1995) (plaintiffs' argument that it would have been futile to demand administrative review because defendants had demonstrated by their continued refusal to pay that they had no intention of doing so was "insufficient to bring a claim within the futility exception, which is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail"); *see also Communications Workers of Am. v. AT&T*, 40 F.3d 426, 433 (D.C. Cir. 1994) (denial of prior benefits claim does not provide an adequate basis for finding that a future unfavorable decision is a foregone conclusion; "[e]ven if one were to concede that an unfavorable decision from the [administrator] was *highly likely*, that does not satisfy our strict futility standard requiring a *certainty* of an adverse decision") (emphasis in original).

Regarding Plaintiff's third argument, based on the evidence, the Court does not agree with Plaintiff's assertion that United's review reflects a biased, bad faith analysis. As shown in the November 19, 2018 letter, United based its analysis and decision on a reasonable interpretation of the Policy's terms. (Doc. 11-2 at PAGEID # 509-12.) Plaintiff does not point to any procedural error or evidence that would demonstrate improper bias or bad faith on the part of United. Plaintiff's cited evidence also does not show that the exception to the requirement that a participant exhaust administrative remedies should apply here. *See Ravencraft*, 212 F.3d at 343-44 (finding plaintiff failed to meet burden to show futility so as to excuse exhaustion requirements where the defendant's actions did not suggest that it ignored plaintiff's claim or failed to give Plaintiff's claim due consideration). And, the fact that a plan administrator and those who review appeals

share common interests or affiliations is not sufficient to show futility. *Id.* at 343; *see also Communications Workers of Am.*, 40 F.3d at 433 (acknowledging inherent conflict of interest in pension-plan review system; holding that such a conflict cannot alone establish futility). Instead of an improperly biased, bad faith analysis, the evidence simply demonstrates a disagreement between the parties regarding what the outcome of Plaintiff's claim should be based on the facts presented to United.

In summary, the Court finds that Plaintiff did not exhaust her administrative remedies and did not make the requisite showing to excuse that failure. Therefore, the Court must dismiss Plaintiff's action. *Coomer*, 370 F.3d at 506 (dismissing plaintiff from case where the plaintiff did not exhaust administrative remedies and did not demonstrate clear and positive evidence of the futility of exhausting those remedies).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant United of Omaha's Motion for Judgment on the Administrative Record (Doc. 12) on the ground that Plaintiff failed to exhaust her administrative remedies. Therefore, the Court **DISMISSES** this case.[3] Additionally, the Court **DENIES AS MOOT** the cross-motion within Plaintiff's "Response to Defendant's Motion for Judgment on the Administrative Record and Plaintiff's Motion for Judgment on the Administrative Record" (Doc. 13). This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 29, 2020.

                                                              s/Thomas M. Rose

                                                              THOMAS M. ROSE
                                                           UNITED STATES DISTRICT JUDGE

---

[3] The Court does not reach United's alternative argument(s) for judgment on the administrative record, namely that its decision to deny the AD&D benefits was not arbitrary and capricious. (*See* Doc. 12.)